Filed 11/6/13  Marriage of Harrison CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re Marriage of KEVIN F. and LINDA C. HARRISON. | |
| KEVIN F. HARRISON, | G046942 |
| Respondent, | (Super. Ct. No. 08D000001) |
| v. | O P I N I O N |
| LINDA C. HARRISON, | |
| Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Claudia Silbar, Judge.  Affirmed.

Law Office of Ronald B. Funk and Ronald B. Funk for Appellant.

Kevin F. Harrison, in pro. per., for Respondent.

\*          \*          \*

Appellant Linda C. Harrison (wife) appeals from a judgment of dissolution of her marriage to Kevin F. Harrison (husband). She raises only one issue, that there is insufficient evidence to support the date of separation selected by the trial court. Based on wife's failure to fully set out all the material facts as to the date of separation and the presumption the court's decision was supported by substantial evidence, we affirm.

PROCEDURAL HISTORY

We present the procedural history here and set out the facts presented in the briefs in the discussion portion.

Husband filed the petition for dissolution in this action in January 2008. He claimed a separation date of June 15, 2003. In wife's response to the petition the date of separation was shown as "to be determined." In her testimony and closing argument she asserted a separation date of December 2008.

Wife had previously filed a petition in January of 2007, of which the court took judicial notice, that showed a separation date of January 8, 2007. Wife testified that "immediately" after she signed the petition, she notified her lawyer she did not want to proceed.[1] That petition was dismissed in August 2007.

After a two-day hearing the court found the date of separation "that best fit[] the totality of the circumstances" to be January 8, 2007. This was what wife stated was the date of separation in her petition filed in January 2007. In reaching its decision the court evaluated the testimony of both parties and the documentary evidence. It noted the case was "factually unusual."

It found the parties had had no intimate relationship for years before that date. Wife had been involved in a serious relationship with another man, Steve

---

[1] Wife was in propria persona at the time of the hearing on this issue although she had had at least three attorneys prior thereto.

2

McClenahan. Although this in itself does not prove a separation under the totality of circumstances it supports the only logical conclusion. There were six to nine months worth of hotel receipts in 2006 showing wife as McClenahan's fiancée, and she signed a lease, as a fiancée, to share a residence with McClenahan. The court also relied on a receipt from a hotel in Cabo San Lucas in February 2006 listing the occupants as Steve and Linda McClenahan. There were also various itineraries of "trips and activities" for McClenahan and wife.

The court relied on several e-mails sent by McClenahan to wife that showed he had "detailed knowledge" about the parties' relationship in which he gave wife advice, including one dated December 2005 advising her about custody, visitation, and financial issues. In December 2005 McClenahan sent husband an e-mail stating wife was going to divorce husband and marry him. In May 2006 wife and McClenahan opened a joint checking account.

The court put all of these facts together to show wife's subjective intent to leave marriage. The filing of the petition was the objective demonstration of that subjective intent.

In light of wife's argument there was a reconciliation, the court found to the contrary. When wife broke off her relationship with McClenahan, husband "had already given up" and from his point of view the marriage was over.

Wife filed a motion for reconsideration as to the date of separation, which the court denied.

DISCUSSION

1. *Standard of Review and General Principles*

Wife contends there is insufficient evidence to support the court's finding as to the date of separation. "Date of separation is a factual issue to be determined by a

3

preponderance of the evidence.  [Citation.]  'Our review is limited to determining whether the court's factual determinations are supported by substantial evidence and whether the court acted reasonably in exercising its discretion.'  [Citation.]"  (*In re Marriage of Manfer* (2006) 144 Cal.App.4th 925, 930.)

When a party makes a claim of insufficiency of the evidence we begin with the presumption the judgment is correct.  (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956.)  We may not reweigh or resolve conflicts in the evidence or redetermine the credibility of witnesses.  (*Citizens Business Bank v. Gevorgian* (2013) 218 Cal.App.4th 602, 613.)  We liberally construe the court's findings of facts, whether express or implied.  (*Ibid.*)  Even the testimony of a single witness may be sufficient.  (*Ibid.*; Evid. Code, § 411.)  And the court may believe part of a witness's testimony and disbelieve another part.  (*Citizens Business Bank v. Gevorgian*, *supra*, 218 Cal.App.4th at p. 613.)

California Rules of Court, rule 8.204(a)(2)(C) requires that an opening brief must "[p]rovide a summary of the significant facts limited to matters in the record."  Wife has failed to do so, setting out very few facts as to the date of separation in the section entitled "Factual and Procedural History."  (Capitalization, boldface, and underlining omitted.)  Although she does recite some facts in the argument portion of the brief, they are completely one-sided and do not include the evidence supporting the court's decision or husband's position.

Because wife is challenging the sufficiency of the evidence, we may consider her failure to present all material facts as forfeiting the argument.  "'A party who challenges the sufficiency of the evidence to support a particular finding must *summarize the evidence* on that point, *favorable and unfavorable,* and *show how and why it is insufficient*.  [Citation.]'  [Citation.]  '[W]hen an appellant urges the insufficiency of the evidence to support the findings it is [her] duty to set forth a fair and adequate statement of the evidence which is claimed to be insufficient.  [She] cannot shift this burden onto

4

respondent, nor is a reviewing court required to undertake an independent examination of the record when appellant has shirked [her] responsibility in this respect.' [Citation.]" (*Huong Que, Inc. v. Luu* (2007) 150 Cal.App.4th 400, 409.)

If an appellant fails to fulfill this burden we may consider the argument forfeited. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.) And we are "'entitled to indulge in a presumption that the evidence sustains the determination of the trial court.' [Citations.]" (*Estate of Hilton* (1996) 44 Cal.App.4th 890, 922.)

Although we elect not to forfeit wife's argument, we do rely on the presumption the evidence was sufficient. None of the favorable evidence wife raises affects our decision.

*2. Sufficiency of the Evidence*

There are two components to determining a date of separation: one or both spouses must have a subjective intent to dissolve the marriage and that intent must be manifested with objective conduct. (*In re Marriage of Norviel* (2002) 102 Cal.App.4th 1152, 1158-1159.) The court laid out several pieces of evidence in support of its determination the date of separation was January 8, 2007.

Wife makes two intertwined arguments challenging this date. She claims January 2007 was a "compromise" date, alleged by neither party. And she asserts there is no evidence to support it. We are not persuaded

First, wife fails to cite to any authority that limits the court to a finding that the date of separation must be proposed by a party. Recitals in pleadings are "probative but not conclusive." (Hogoboom & King, Cal. Practice Guide: Family Law (The Rutter Group 2013) ¶ 8:114, p. 8-37; see *In re Marriage of Umphrey* (1990) 218 Cal.App.3d 647, 656-657 [court not required to accept date of separation set out in property settlement agreement].)

5

The mere fact the date the court selected was set out in the first petition, which was subsequently dismissed, does not discredit the court's decision. Moreover that the court might have urged the parties to settle on a separation date "in the 2006 range" or advised during the hearing it was considering a date in 2006 or 2007 does not invalidate the court's finding.

Second, wife has not overcome the presumption that the court's finding is supported by the evidence. Wife points to evidence she believes supports her position, maintaining it is undisputed. This argument fails. The evidence is disputed and it is not our function to reevaluate it.

For example, wife asserts she resided in the family home "[e]xcept for a brief period in early 2008" until the order for her to vacate in December of that year. She testified when she returned in April 2008 she and husband "tried to 'work our marriage out for several months.'" But, as wife acknowledged, husband denied both the April 10 date and that he engaged in any type of reconciliation effort. Wife's claim that her testimony is more credible than husband's violates a basic principle of the standard of review, i.e., assessment of credibility is the trial court's function, not ours.

Wife also asserts husband based his alleged date of separation on her subjective intent. But husband testified several times about his own intent that the marriage was finished, at least by January 2007.

Wife additionally relies on a question she asked of husband at the hearing about a statement in a declaration (not produced) that even though he had filed a dissolution petition, he stated "'we don't want to get divorced.'" Husband countered with testimony he had made similar statements in an attempt to keep her calm given her emotional instability. Husband points out the court had previously observed and noted this problem and ordered she be psychologically evaluated. Wife was also found to have perpetrated domestic violence.

6

Wife raises several additional pieces of evidence, but we need not discuss them in light of her failure to present all material facts. In any event, husband contradicted each one of them.

In sum, wife has not met her burden to set out all material facts, whether favorable or unfavorable, nor has she overcome the presumption that there is sufficient evidence to support the court's finding.

## DISPOSITION

The judgment is affirmed. Husband is entitled to costs on appeal.

THOMPSON, J.

WE CONCUR:

RYLAARSDAM, ACTING P. J.

FYBEL, J.

7